REDMANN, Judge,
dissenting.
The text of La.C.C.P. 3181 is express:
If a person appointed or confirmed as succession representative fails to qualify for the office within ten days after his appointment or confirmation, on its own motion or on motion of any interested person, the court may revoke the appointment or confirmation, and appoint another qualified person to the office forthwith. (Emphasis added.)
That text gives the court discretionary power to revoke and appoint “forthwith”, and “on motion”.
The immediately adjacent art. 3182, on removal of an already-qualified succession representative, in contrast to art. 3181’s “on motion . . the court may revoke ”, provides an understandably different procedure: under art. 3182 “[t]he court on . motion may . . order the succession representative ... to show cause why he should not be removed . . . ” (emphasis added). Art. 3181 authorizes the court to revoke (and appoint) while art. 3182 only authorizes it to order to show cause.
*742 Therefore the trial court acted within its express authority under C.C.P. 3181 in revoking Martin’s unaccepted appointment ex parte.
West LSA-C.C.P. vol. 11, Form 889a, n. 1, for C.C.P. 3181 proceedings, agrees:
It is not necessary that this proceeding be by contradictory motion.
******
Normally, an application to be appointed administrator should be presented in a petition. Art. 3091, LSA-C.C.P. However, Art. 3181, id., permits the appointment of another qualified person as succession representative on motion under the circumstances set forth in that article.
C.C.P. 3181 is equally express that, in the case described, the court “on motion . may . . . appoint another . forthwith.” It cannot reasonably be doubted that the appointment of Edward was therefore within the court’s express authority.
Martin’s only argument of any weight is that, by the ruling naming both co-administrators, Edward was removed under C.C.P. 3182 because he “failed to give notice of his application for appointment when required under Article 3093.” That argument must be rejected because C.C.P. 3093’s general rule is stated in terms inconsistent with C.C.P. 3181’s special rule for its cases: specifically, C.C.P. 3093 requires that an applicant send a copy of the “application for appointment” to anyone who petitioned for notice and “notify him of the date and hour assigned by the court for a hearing thereon.” C.C.P. 3181 does not envision the “application for appointment” spoken of by C.C.P. 3091-3096 (a petition, see West, Form 889a, n. 1, above) but a simple ex parte motion, and it does not provide for a hearing but for appointment “forthwith.” C.C.P. 3093 thus did not oblige Edward to give notice to Martin (even less so, when Martin himself had already been appointed but neither qualified nor asked for an extension of time to qualify).
The partial removal of Edward, that is, the naming of Martin as co-administrator after Edward was under express authority appointed and qualified as administrator, was therefore not authorized by C.C.P. 3182 and should be reversed.